KEVIN V. RYAN (CSBN 118321)
United States Attorney

MARK L. KROTOSKI (CSBN 138549)
Chief, Criminal Division

THOMAS M. O'CONNELL (NYSBN 1801950)
Assistant United States Attorney

   150 Almaden Blvd., Suite 900
   San Jose, California 95113
   Telephone:  (408) 535-5053
   FAX: (408) 535-5066
   Thomas.M.OConnell@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. CR 06-00385 JW -HRL |
|     Plaintiff, | ) | |
| | ) | STIPULATION AND [~~PROPOSED~~] |
|     v. | ) | ORDER EXCLUDING TIME |
| | ) | |
| JOSEPH EDWARD SHOPES, | ) | |
| | ) | |
|     Defendant. | ) | SAN JOSE VENUE |
| | ) | |

    The parties jointly request that this case, currently set for a status check on Monday February 5, 2007, be continued to Monday, February 26, 2007, so that final details regarding a disposition by plea can be addressed.   In addition, the parties requested an exclusion of time under the Speedy Trial Act from February 5, 2007, to February 26, 2007.   The parties agree and stipulate that an exclusion of time is appropriate based on the defendant's need for effective preparation of counsel.

SO STIPULATED:                      KEVIN V. RYAN
                                        United States Attorney

DATED:     02/02/07                 _____/s/_____
                                            THOMAS M. O'CONNELL

Assistant United States Attorney

DATED:     02/02/07            _____/s/_____
                                JAY RORTY
                                Assistant Federal Public Defender

Accordingly, for good cause shown, the Court HEREBY ORDERS, by stipulation of the parties, that this case, currently set for a status check on Monday February 5, 2007, be continued to Monday February 26, 2007, and that time be excluded under the Speedy Trial Act from February 5, 2007, to February 26, 2007 for disposition. The Court finds, based on the aforementioned reasons, that the ends of justice served by granting the requested continuance outweigh the best interest of the public and the defendant in a speedy trial. The failure to grant the requested continuance would deny defense counsel reasonable time necessary for effective preparation, taking into account the exercise of due diligence, and would result in a miscarriage of justice. The Court therefore concludes that this exclusion of time should be made under 18 U.S.C. §§ 3161(h)(8)(A) and (B)(iv).

SO ORDERED.

DATED:___2/2/2007____          _____
                                JAMES WARE
                                United States District Judge

STIPULATION AND [PROPOSED] ORDER
NO. CR 06-00385 - JW- HRL          2